IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALFRED RECORD, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:17-CV-1121-D |
| VS. | § |
| | § |
| HSBC BANK USA, NA, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiffs' residence, defendant moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). For the reasons set out below, the court grants defendant's motion but permits plaintiffs to replead.

I

Plaintiffs Alfred Record and Marilyn Record (collectively, the "Records") own residential property in Cedar Hill, Texas.[1] In July 2005 the Records executed a promissory

---

[1] As the court explains below, the standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *See, e.g., Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted)). "For both [Rule 12(b)(6) and Rule 12(c)] motions . . . the well-pleaded facts are viewed in the light most favorable to the plaintiff." *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (quoting *Turbomeca, S.A. v. Era Helicopters, LLC*, 536 F.3d 351, 354 (5th Cir. 2008)). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

note and deed of trust in favor of Wells Fargo Bank, National Association. The loan was assigned to defendant HSBC Bank USA, N.A., as trustee for Wells Fargo Bank Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-AR3 ("HSBC") on April 21, 2014.

The Records allege that, because they were in financial distress, they were unable to pay their mortgage for a few months. They filed for a modification of their loan, but HSBC has not granted the modification.

In March 2017 HSBC provided notice of the substitute trustee's sale along with a notice of substitute trustee. The Records contend that they did not receive the 20-day notice of default and intent to accelerate, as required by state and federal law; they have not received the in-person consultation required under federal law; and HSBC did not follow the notice requirements in the deed of trust. In April 2017 the Records' property was sold at a foreclosure sale for $429,000.

Before the foreclosure sale took place, the Records sued HSBC in state court, alleging claims for quiet title, fraud, breach of contract and of chapter 392 of the Texas Finance Code, and trespass to try title,[2] and seeking, *inter alia*, damages and injunctive relief. HSBC removed the case to this court, and it now moves for judgment on the pleadings under Rule 12(c), contending that all of plaintiffs' claims fail as a matter of law. The Records oppose

---

[2]As discussed below, the Records maintain that they also assert a wrongful foreclosure claim, although no claim denominated as such is alleged in their original state-court petition.

the motion.³

II

A

The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *See, e.g., Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted)). Under Rule 12(b)(6), the court evaluates the sufficiency of plaintiffs' complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and brackets omitted). To survive HSBC's motion to dismiss, the Records must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard

---

³HSBC filed its motion for judgment on the pleadings on January 26, 2018. The Records' response was due 21 days later, on February 16, 2018. The Records filed their response 12 days late, on February 28, 2018, without seeking leave to file a late response. Although the court does not suggest that the Records' disregard for the response deadline is excusable, because considering their late-filed response does not change the outcome in this case, the court will consider it in deciding HSBC's motion.

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And " 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

B

"Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Turner*, 2011 WL 3606688, at *2 (quoting *Benchmark Elecs.*, 343 F.3d at 724) (internal quotation marks

omitted). More colloquially, plaintiffs must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Because Rule 9(b) must be "read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief," "punctilious pleading detail" is not required. *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (citation omitted).

III

HSBC maintains that, if the Records intend to assert a claim for wrongful foreclosure,[4] the claim fails as a matter of law. In response, the Records contend that they are alleging such a claim.[5] The court will therefore begin with the Records' wrongful foreclosure claim.

---

[4]HSBC states in its motion: "Although it's not entirely clear from the Complaint, to the extent Plaintiffs' allegations can be construed as a claim for wrongful foreclosure, such a claim fails as a matter of law." D. Mot. 4.

[5]"Plaintiffs allege causes of actions in wrongful foreclosure, quiet title, breach of contract, and trespass of title." Ps. Resp. 1.

A

Under Texas law, the elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.); *see also Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.); *see also Musick*, 531 S.W.2d at 587.

HSBC contends that it is entitled to judgment on this claim because the Records have failed to plead a defect in the foreclosure proceedings; that to the extent the Records allege that they did not "receive" notice of default before the April 4, 2017 foreclosure sale, Texas law does not require that they actually receive notice, and, instead, service of notice is complete when the notice is sent via certified mail; that the Records have not pleaded and cannot demonstrate that their property sold for a grossly inadequate price, since the property sold for $429,000, which was 80% of its fair market value; that the Records have failed to plead any causal connection between an alleged defect and any alleged grossly inadequate selling price; that the Records admit that they are still in possession of the property, and the complaint is devoid of any allegation that they tendered or attempted to tender the amount due and owing on the debt for the property; that to the extent plaintiffs base their wrongful

foreclosure claim on HSBC's alleged violation of an unspecified federal law requiring an "in person consultation" before foreclosure, the Records have failed to specify a federal law that HSBC allegedly violated; and that, to the extent the Records intended to plead that HSBC violated the Housing and Urban Development ("HUD") regulation, 24 C.F.R. § 203.604, which discusses face-to-face meetings between a mortgagor and mortgagee, no private right of action exists under HUD regulations, and the Records have failed to point to any other particular federal law authorizing a private right of action relating to an "in person consultation."

The Records respond that HSBC's contention that they are still in possession of the property is inaccurate because they were, in fact, removed from the property when it was sold to a third-party purchaser. They do not otherwise respond to HSBC's arguments.

B

The court grants HSBC's motion for judgment on the pleadings on the Records' wrongful foreclosure claim, at least for the reason that they have failed to plausibly allege the required elements of such a claim. They do not allege that the selling price for their property was grossly inadequate or that there was a causal connection between any alleged defect in the foreclosure sale and the grossly inadequate selling price. *See Sauceda*, 268 S.W.3d at 139. Accordingly, the court dismisses the Records' wrongful foreclosure claim.

IV

The court turns next to the Records' breach of contract claim. "A breach of contract claim under Texas law requires proof of four elements: (1) the existence of a valid contract,

(2) plaintiff's performance of duties under the contract, (3) defendant's breach of the contract, and (4) damages to the plaintiff resulting from the breach." *Mesa v. Verizon Bus. Network Servs., Inc.*, 2012 WL 3452696, at * 12 (N.D. Tex. Aug. 14, 2012) (Fitzwater, C.J.) (citing *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003)).

HSBC moves for judgment on this claim on the grounds that the Records admit that they were in default under their loan payment obligations and are therefore precluded from maintaining a breach of contract claim; that there is no requirement under the deed of trust that requires that plaintiffs *receive* any default or foreclosure-related notices to be effective; and that to the extent the Records' contract claim is premised on an alleged violation of HUD regulations, it fails as a matter of law because there is no private right of action for failure to comply with HUD regulations, even when incorporated into a deed of trust.

The Records respond that a deed of trust is governed by Texas contract law. And they contend that, in *Legette v. Washington Mutual Bank, F.A.*, 2005 WL 2679699, at *5 (N.D. Tex. Oct. 19, 2005) (Fitzwater, J.), this court "did state that HUD regulations would not form a private cause of action. However, the Court did state that the facts plead by the Plaintiffs in this case did amount to a breach of contract. That being said, dismissal of this matter under Rule 12(c) is not warranted[.]" Ps. Br. 5.

"In Texas, performance or tendered performance by the plaintiff is an essential element of a breach of contract claim." *Golden v. Wells Fargo Bank, N.A.*, 557 Fed. Appx. 323, 327 (5th Cir. 2014) (per curiam) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)). Moreover, "a party to a contract who is himself in default cannot maintain

a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (citation omitted). The Records' petition does not explicitly state that they are in default on their mortgage or have failed to make recent payments, but it nonetheless permits the reasonable inference that they are in default. The petition alleges that, "[d]ue to financial distress, Plaintiffs were unable to pay the mortgage for a few months," Pet. ¶ 7, and that they filed for a modification of the loan (which HSBC has not granted), both of which permit the reasonable inference that they were in default. Moreover, the Records do not appear to contest HSBC's contention that they admit they were in default under their loan payment obligations. Because the Records' petition enables the court to draw the reasonable inference that the Records defaulted on their mortgage, the court dismisses their breach of contract claim. *See May v. Wells Fargo Home Mortg.*, 2013 WL 2984795, at *2 (N.D. Tex. June 17, 2013) (Fitzwater, C.J.) (dismissing breach of contract claim "[b]ecause the second amended complaint permits the court to draw the reasonable inference that [plaintiff] defaulted on his mortgage[.]").

V

The court next considers the Records' fraud claim.

A

In support of their fraud claim, the Records allege that HSBC made misrepresentations and omissions of material fact regarding the ability to obtain a loan modification; that these misrepresentations induced them to do nothing until they received notice of the trustee's sale; and that, in addition, "Defendant ha[s] presented documents showing they are the proper

party to take such action against Plaintiffs which facts are false and material to the essence of the Trustee Sale Defendant is attempting to take in April of 2017," Pet. ¶ 16.

HSBC moves for judgment on the fraud claim, contending that the Records have failed to satisfy the heightened pleading standard of Rule 9(b) because they have not offered any explanation of what statements were made, when they were made, who made them, or any factual allegations concerning why the statements were fraudulent. HSBC also contends that the fraud claim is barred by the Texas statute of frauds, Tex. Bus. & Com. Code Ann. § 26.02(b) (West 2015). It posits that the purported promises regarding the alleged loan modification and foreclosure involve a loan in an amount well over $50,000; that the alleged promises are therefore subject to the statute of frauds and must be in writing to be enforceable; and that plaintiffs do not allege whether any of the representations were made orally or in writing or that there was a loan agreement that existed in writing. Finally, HSBC contends that the fraud claim is barred by the economic loss rule because the Records have not alleged any independent injury outside the purported economic losses allegedly caused by the alleged misrepresentations relating to the subject matter of the contracts between the parties, i.e., the note and deed of trust. The Records do not respond to any of HSBC's arguments regarding their fraud claim.

B

At the very least, plaintiffs have failed to plead their fraud claim with the particularity required by Rule 9(b). They refer generally to misrepresentations and omissions, but they do not specify the particulars of time, place, and contents of the false representations or

omissions, the identity of any person making a misrepresentation or omission, or what the person obtained thereby. The court therefore dismisses the Records' fraud claim based on their failure to comply with Rule 9(b).[6]

VI

HSBC next moves for judgment on the pleadings with respect to plaintiffs' quiet title claim.

A

A Texas-law quiet title claim is an equitable action that requires proof of three elements: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App. Dec. 30, 2011, no pet.) (mem. op.)). To quiet title, the Records "must allege right, title, or ownership in [themselves] . . . with sufficient certainty to enable the court to see [they] . . . [have] a right of ownership that will warrant judicial interference." *Id*. (quoting *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011)). They "must prove and recover on the strength of [their] own title, not the weakness of [their] adversary's title." *Id.* (alterations in original) (quoting *Fricks v. Hancock*, 45 S.W.3d 322,

---

[6]Because the court dismisses plaintiffs' fraud claim for failure to comply with the heightened pleading requirement of Rule 9(b), it does not address HSBC's arguments that this claim is barred by Texas's statute of frauds or by the economic loss rule.

- 11 -

327 (Tex. App. 2001, no pet.)). "The effect of a suit to quiet title is to declare invalid or ineffective the defendant['s] claim to title." *Id.* at *6 (quoting *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. 2011, no pet.)).

HSBC contends that the quiet title claim fails as a matter of law because it is not based on the strength of the Records' purported title to the property, but, instead, is based on their allegations that improperly rely on the alleged weakness of HSBC's title to the property. HSBC also maintains that the Records cannot demonstrate as a matter of law that they have superior title to the property because any ownership interest they purportedly claim to have in the property was wiped away by the foreclosure sale, thereby giving HSBC superior title to the property as a matter of law. HSBC posits that the Records' quiet title claim fails for the additional reason that they are admittedly in default, and their petition is devoid of any facts demonstrating that they have tendered the amount owed on the note.

The Records respond as follows:

> Defendant has not shown that they are holder of the note. This cause of action is essentially based on the fact that would allow the Court to enter an order preventing any action taken by the Defendant until it is shown they are the holder of the note. The Plaintiff is not seeking to obtain the homestead without any lien against the property. Plaintiff's intent is just to put the chain of title back to the point that the unlawful notice occurred. Based on that premise, Plaintiff has stated facts in order to support a cause of action.

Ps. Br. 5.

B

The Records have failed to plausibly allege the elements of a quiet title claim. In the

petition, they allege only that

> Defendant has clouded Plaintiffs' title by committing various acts and omissions, w[hich] both individually and collectively are the proximate cause and producing cause of the occurrence and damages sustained by Plaintiff, including the filing of documents with the Dallas County Clerk's Office stating HSBC Bank, N.A. is the holder of the note and mortgage when in fact they are not.

Pet. ¶ 11. These allegations are alone insufficient to plausibly allege that the Records have an interest in the property or that HSBC's claim to the property is unenforceable or invalid.[7] Accordingly, the court dismisses plaintiffs' quiet title claim.

### VII

HSBC moves for judgment on the Records' claim under the Texas Finance Code, contending that plaintiffs have failed to allege which provisions of Chapter 392 of the Texas Finance Code they allegedly violated, and that plaintiffs have therefore failed to state a claim. The Records have not responded to this argument.

In their state-court petition, the Records allege that "Defendant['s] failure to properly notice Plaintiffs violated multiple paragraphs of the Deed of Trust executed between Plaintiffs and Original Lender *and further violates Chapter 392 of the Texas Finance Code.*" Pet. ¶ 23 (emphasis added). No other facts are alleged to support plaintiffs' claim under the

---

[7]To the extent plaintiffs argue in their response that HSBC is required to show that it is the holder of the note, under Texas law, a mortgagee can obtain the right to initiate foreclosure through the terms of a deed of trust even if it is not the holder of a corresponding promissory note. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

Texas Finance Code. Merely alleging that HSBC's "failure to properly notice" plaintiffs violated Chapter 392 of the Texas Finance Code, without any additional factual allegations, "is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law." *Franklin v. BAC Home Loans Servicing, L.P.*, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) (Lynn, J.). Accordingly, the court grants HSBC's motion as to this claim.

VIII

Finally, the court considers the Records' claim for trespass to try title.

A

HSBC argues for dismissal of plaintiffs' trespass to try title claim on the grounds that plaintiffs have failed to comply with the special pleading and proof requirements for this statutory cause of action; plaintiffs have failed to plead a regular chain of conveyances from the sovereign, a superior title out of a common source, title by limitations, or prior possession and that the possession has not been abandoned; plaintiffs admit that they have not been dispossessed of the property; plaintiffs' claim is not based on the strength of their purported title to the property but rather on plaintiffs' defective allegations of wrongful foreclosure; and plaintiffs do not allege that they have tendered or attempted to tender the purchase price of the property.

Plaintiffs respond that HSBC *did* conduct a foreclosure, and that, contrary to HSBC's statements, plaintiffs were removed from the property when it was sold to a third party buyer.

B

Trespass to try title is a statutory claim brought under Tex. Prop. Code Ann. § 22.001 (West 2014). *See id.* ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). A trespass to try title action is "an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession." *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1977, writ ref'd n.r.e.). It is "the exclusive remedy for resolving competing claims to property." *Parker v. Hunegnaw*, 364 S.W.3d 398, 401 (Tex. App. 2012, no pet.) (citing Tex. Prop. Code Ann. § 22 .001 (West 2000)).

To maintain an action for trespass to try title, the person bringing the suit must have title to the land sought to be recovered. *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App. 2010, no pet.). A plaintiff's right to recover depends on the strength of the plaintiff's own title, not the weaknesses of the title of the adversary. *Id.* In a trespass-to-try-title action, the plaintiff is required to prove title by establishing (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations; or (4) prior possession that has not been abandoned. *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 728 (Tex. App. Oct. 27, 2011, pet. denied) (citing *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994)).

C

As stated above, "[t]o prevail on a trespass to try title action, a plaintiff must prove title to the property by: '(1) proving a regular chain of conveyances from the sovereign, (2)

- 15 -

establishing superior title out of a common source, (3) proving title by limitations, or (4) proving title by prior possession coupled with proof that possession was not abandoned.'" *Richardson v. Wells Fargo Bank, N.A.*, 873 F.Supp.2d 800, 816 (N.D. Tex. 2012) (McBryde, J.) (citations omitted). The Records have not alleged even one of these elements in their petition. In support of their trespass to try title claim, plaintiffs allege only that "[t]he facts stated herein above evidence Plaintiff's legal right to the Property and establish sufficient title to maintain this trespass to try title action. . . . Plaintiffs asks the Court to determine its title to the property, and right to possess it[] under Civ. Prac. & Rem. Code Chapter 22[.]" Pet. ¶¶ 26-27. These allegations are insufficient to plausibly allege the elements of a claim for trespass to try title. Accordingly, the court dismisses this claim.

IX

In their response, the Records request leave to amend any cause of action that the court determines should be dismissed. The court grants this request.

The Records filed this case in state court, under the pleading standards that govern in that forum. They have requested, and should be given, an opportunity to replead under the federal pleading standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case). Accordingly, the court grants the Records 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

X

In a March 16, 2018 order, the court granted HSBC's unopposed motion to stay pretrial deadlines and discovery. It ordered that all discovery and the deadlines set out in the scheduling order and order granting joint motion to enlarge deadlines be stayed until the court resolved HSBC's motion for judgment. And it stated that, if its ruling on the motion for judgment failed to completely resolve this matter, it would issue an order requiring the parties to submit an agreed scheduling order governing the pretrial deadlines.

Although the court has permitted the Records to replead, at present each of their claims has been dismissed. The court will therefore leave the stay in place pending the filing of an amended complaint and the disposition of any motion addressed to that pleading. If, however, HSBC answers the amended complaint, then within 14 days of the date the answer is filed, the parties must file a joint scheduling proposal that suggests revisions to the deadlines in the June 26, 2017 scheduling order.

\* \* \*

For the foregoing reasons, the court grants HSBC's motion for judgment on the pleadings under Rule 12(c) but also grants plaintiffs leave to replead.

**SO ORDERED**.

April 10, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE